Citation Nr: 1513871 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 09-08 663 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) 
 in San Juan, the Commonwealth of Puerto Rico


THE ISSUE

Entitlement to an initial rating in excess of 20 percent for type II diabetes mellitus, to include on an extra-schedular basis pursuant to 38 C.F.R. § 3.321(b). 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Appellant and an interpreter


ATTORNEY FOR THE BOARD

John Francis, Counsel 
INTRODUCTION

The Veteran served on active duty from April 1966 to April 1968.

This appeal to the Board of Veterans' Appeals (Board) arose from an April 2008 rating decision in which the RO granted service-connection for type II diabetes mellitus and assigned a 20 percent rating, effective October 9, 2007. In April 2008, the Veteran filed a notice of disagreement (NOD). A statement of the case (SOC) was issued in January 2009, and the Veteran filed a substantive appeal (via a VA Form 9, Appeal to the Board of Veterans' Appeals) in March 2009.

Because the Veteran has disagreed with the initial rating assigned following the award of service connection for diabetes mellitus, the Board has characterized this matter in light of the distinction noted in Fenderson v. West, 12 Vet. App. 119, 126 (1999) (distinguishing initial rating claims from claims for increased ratings for already service-connected disability). 

In January 2011, the Veteran (with the assistance of an interpreter) testified during a Board hearing before the undersigned Veterans Law Judge at the RO. A transcript of that hearing is of record.

In October 2011, the Board remanded the claim to the AOJ for further action, to include additional development of the evidence. After completing the requested development, the Appeals Management Center (AMC) continued to deny the claim (as reflected in a November 2012 supplemental SOC (SSOC)) and returned the matter to the Board for further consideration.

In August 2014, the Board, in part, denied a rating in excess of 20 percent for diabetes mellitus. The Veteran appealed that portion of the decision to the United States. Court of Appeals for Veterans Claims (Court). In a February 2015 Order, the Court granted a joint motion for partial vacatur and remand filed by representatives for both parties, vacating that portion of the decision in which the Board denied a rating in excess of 20 percent for diabetes mellitus, and remanding that matter for further proceedings consistent with the joint motion. 
In addition to the paper claims file, the Veteran has paperless, electronic files contained in Virtual VA and the Veterans Benefits Management System (VBMS). The VBMS file contains a March 2015 brief to the Board. 

For reason expressed below, the matter is being remanded to the AOJ for further development. VA will notify the Veteran when further action, on his part, is required. 


REMAND

In light of the point raised in the parties' joint motion for remand, and the Board's review of the claims file, further AOJ action on the claim on appeal is warranted. 

As noted, only the matter of the evaluation of the Veteran's diabetes mellitus, for which an initial 20 percent rating has been assigned, remains before the Board. The Veteran also has been granted service connection and assigned separate ratings or diabetic nephropathy, bilateral upper and lower extremity peripheral neuropathy, and erectile dysfunction, each as a complication of diabetes mellitus. The Board notes that hypertension was found by a VA examiner not to be secondary to diabetes, and the Veteran has not been diagnosed with any other specific forms of vascular disease. 

In the joint motion, the parties essentially noted that the Board considered the severity of the Veteran's diabetes mellitus and each of its complications separately in analyzing whether to refer the claim for consideration of an extra-schedular rating under 38 C.F.R. § 3.321 (2014). However, as noted by the parties, in Johnson v. McDonald, 762 F.3d 1362 (Fed. Cir 2014), the Federal Circuit held that the plain language of this regulation provides for referral based on the collective impact of multiple disabilities. Johnson, 762 F.3d at 1365-66. 

The AOJ has not addressed the applicability of section 3.321(b)(1) and Johnson in evaluating the Veteran's diabetes mellitus. Hence, to avoid any prejudice to the Veteran, a remand of the claim for consideration of whether the procedures are invoked for referral of the claim for a higher, extra-schedular rating, to include based on the collective impact of diabetes and all of its service-connected complications, in the first instance, is warranted. See Bernard v. Brown, 4 Vet. App. 384, 393 (1993) (the Board must consider whether a claimant will be prejudiced by addressing a question that has not been addressed by the RO).

Prior to such consideration, to ensure that all due process requirements are met, and the record is complete, the AOJ should also give the Veteran another opportunity to provide information and/or evidence pertinent to the claim remaining on appeal, explaining that he has a full one-year period for response. See 38 U.S.C.A. § 5103(b)(1) (West 2014); but see 38 U.S.C.A. § 5103(b)(3) (clarifying that VA may make a decision on a claim before the expiration of the one-year notice period). In its letter, AOJ should specifically request that the Veteran furnish, or furnish appropriate, current authorization to obtain, all outstanding, pertinent private (non-VA) medical records. 

Thereafter, the AOJ should attempt to obtain any additional evidence for which the Veteran provides sufficient information, and, if needed, authorization, following the current procedures prescribed in 38 C.F.R. § 3.159 (2014). 

The actions identified herein are consistent with the duties imposed by the Veterans Claims Assistance Act of 2000 (VCAA). See 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2014). However, identification of specific actions requested on remand does not relieve the AOJ of the responsibility to ensure full compliance with the VCAA and its implementing regulations. Hence, in addition to the actions requested above, the AOJ should also undertake any other development and/or notification action deemed warranted by the VCAA prior to adjudicating the claim remaining on appeal. Adjudication of the claim should include-in addition to the provisions of 38 C.F.R. § 3.321(b)(1) and Johnson-consideration of whether "staged" rating of the Veteran's disability (assignment of different ratings for distinct periods of time, based on the facts found), pursuant to Fenderson, supra, is appropriate. 


Accordingly, this matter is hereby REMANDED for the following action:

1. Send to the Veteran and his representative a letter requesting that the Veteran provide sufficient information, and if necessary, current authorization to obtain any additional evidence pertinent to the claim remaining on appeal that is not currently of record. Specifically request that the Veteran furnish, or furnish appropriate authorization to obtain, all outstanding, pertinent private (non-VA) medical records. 

Clearly explain to the Veteran that he has a full one-year period to respond (although VA may decide the claim within the one-year period). 

2. If the Veteran responds, assist him in obtaining any additional evidence identified, following the current procedures set forth in 38 C.F.R. § 3.159. Associate all records/responses with the claims file. If any records sought are not obtained, notify the Veteran and his representative of the records that were not obtained, explain the efforts taken to obtain them, and describe further action to be taken.

Clearly explain to the Veteran that he has a full one-year period to respond (although VA may decide the claim within the one-year period).

3. After accomplishing all requested action, as well as any additional action deemed warranted by the VCAA, readjudicate the claim for a rating in excess of 20 percent for diabetes mellitus, to include on an extra-schedular basis, in light of all evidence (to particularly include all that added to the record since the last adjudication of the claim) and legal authority .

Adjudication of the claim for a higher initial rating should include consideration of whether "staged" rating of the Veteran's disability, pursuant to Fenderson (cited above) is appropriate. Also, in determining whether the procedures of 38 C.F.R. § 3.321(b)(1) for referral of the claim for higher rating extra-schedular consideration are invoked, consider the combined effects of diabetes, diabetic nephropathy, bilateral upper and lower extremity peripheral neuropathy, and erectile dysfunction. 

4. If the benefit sought on appeal remains denied, furnish to the Veteran and his representative an appropriate supplemental SOC that includes clear reasons and bases for all determinations, and afford them the appropriate time period for response.

5 To help avoid future remand, ensure that all requested actions have been accomplished (to the extent possible) in compliance with this REMAND. If any action is not undertaken, or is taken in a deficient manner, take appropriate corrective action. See Stegall v. West, 11 Vet. App. 268 (1998).

The purpose of this REMAND is to afford due process and to accomplish additional development and adjudication; it is not the Board's intent to imply whether the benefits requested should be granted or denied. The Veteran need take no action until otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See, e.g., Kutscherousky v. West, 12 Vet. App. 369 (1999). 

This REMAND must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
JACQUELINE E. MONROE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b) (2014).